IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

ORDER

v.

17-cr-20-wmc-9

JOEL RINGELSTETTER,

Defendant.

A hearing on the probation office's petition for judicial review of Joel Ringelstetter's supervised release was held on October 1, 2020, before U.S. District Judge William M. Conley. The following parties appeared via Zoom video conference:  Assistant U.S. Attorney Diane Schlipper, defense counsel Erika Bierma and U.S. Probation Officer Yang Moua.   The defendant also appeared via Zoom videoconferencing from the Dane County Jail.

## FACTS

From the record, as well as the testimony of Officer Moua at today's hearing, I make the following findings of fact.  Defendant was sentenced in the Western District of Wisconsin on February 14, 2018, for a term of imprisonment of one-year and one-day, following his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), a Class C felony.   This sentence was far below the advisory guideline range in recognition of his minor role in a much larger drug conspiracy, his performance when sober, and a desire not to hinder his path to sobriety while on presentence release.  Defendant began a three-year term of supervised release on February 7, 2019, after an unremarkable stay in prison and apparently a sober and successful transition through Rock Valley Community Programs in Janesville, Wisconsin.

While on supervision, however, defendant has violated the mandatory conditions that he not possess illegal controlled substances and not commit another federal, state, or local crime. Further, he violated Standard Condition No. 5, which prohibits him from possessing, using, distributing, or administering any narcotic or other controlled substances, or any paraphernalia related to such substances.

Specifically, on June 2, defendant had contact with a member of the Waunakee, Wisconsin, Police Department following an erratic driver complaint. During the traffic stop, defendant was asked to complete a series of field sobriety tests. After failing those tests, he was arrested for operating while under the influence of intoxicant (OWI) - 1st offense and charged with a Village of Waunakee ordinance violation. Although the defendant provided a breath sample that registered zero percent breath alcohol concentration (BrAC), he purportedly admitted to consuming two beers approximately three hours before his encounter with law enforcement and refused to submit to an evidentiary chemical test of his blood. Moreover, police officers conducted a K9 sniff of defendant's vehicle, which alerted to the odor of narcotics. Officers reported searching defendant's vehicle and finding a hollowed-out pen, a small granite sample, which contained a small amount of gray powdery substance in a line on the surface, a razor blade, and a small blue plastic container. Inside the blue container were two small plastic bag corners that also contained a small amount of a gray, powdery, rock-like substance. One bag had a small knot tied at the top, while the other was open. This drug paraphernalia and suspected heroin were seized. In addition to defendant's citation for OWI - 1st offense and failure to keep his vehicle under control, charges were referred to the Dane County, Wisconsin, District Attorney's Office for possession of drug paraphernalia and possession of heroin. At that point, the defendant was released from the custody of the Waunakee Police Department.

2

Having received an ATLAS notification of this police contact,  Supervising Probation Officer Moua contacted the defendant, who admitted being both in the possession of and ingesting heroin, which he claimed he had originally obtained for a female friend.   Later that same day, the defendant encountered a Richland County, Wisconsin, sheriff's deputy, after his vehicle went into a ditch.   Following a series of field sobriety tests, defendant was again arrested for OWI, which is proceeding as Richland County Circuit Court Case No. 2020TR376.   While searching defendant's vehicle, deputies apparently located a plastic bag sticking out from a cut in the passenger seat, a small stone cutting board, a razor blade, a mini-torch lighter, and another plastic baggy containing a brown substance, which appeared to be heroin or fentanyl located in the center of the seat.   Deputies also recovered numerous items used for drug activity, all of which was inventoried.    After testing the substance and interviewing the defendant, he was then charged in Richland County, Wisconsin, Circuit Court Case No. 20CF45 with possession with intent deliver narcotic, a violation of Wis. Statute § 961.41(1m)(a), a Class E felony.   When contacted by Officer Moua on June 5, 2020, about this police contact, the defendant admitted being found in his car after blacking out and driving into a ditch, but could not account for the presence fo fentanyl, suggesting that perhaps it belonged to his friend.

Finally, on July 8, 2020, defendant was formally charged in Dane County, Wisconsin Circuit Court Case No. 20CF1705 for possession of narcotic drugs, a Class I felony.   Both the Richland and Dane County cases remain pending.

Because I find by a preponderance of the evidence that, at minimum, the defendant possessed and used heroin on June 3, 2020, revocation is mandatory under 18 U.S.C. § 3583(g)(1). Indeed, according to the Seventh Circuit Court of Appeals decision in *United States v Shockey*, 941 F. 3d 282 (7th Cir. 2019) (citing *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir.

3

2001)), the court may find that defendant possessed heroin by his admitted use alone.   Pursuant to Wisconsin Statute 961.41(3g)(am) possession of heroin is a Class I felony and punishable by imprisonment not to exceed three years and six months.

The most serious alleged violation in this case is classified as a Grade B violation under U.S.S.G. § 7B1.1(a)(2).   Should the defendant's term of supervised release be revoked, a Grade B violation coupled with his Criminal History Category II results in an advisory guideline range of imprisonment of 6 to 12 months.   Under 18 U.S.C. § 3583(h), another term of supervised release is also authorized to follow imprisonment.   The statutory maximum term of supervised release that can be re-imposed is life under 21 U.S.C. § 841(b)(1)(c).

## CONCLUSIONS

While defendant's violations warrant revocation, and his continued use of illicit drugs puts the community at great risk of danger, I have decided to give the defendant one last chance to find a path to long-term sobriety by holding this matter in abeyance for 180 days provided he gives the probation office access to both records and right of unfettered consultation with all physical and mental health providers, remains in custody until placed in an appropriate residential recovery program for up to 90 days, and successfully completes that program and transitions to a living arrangement.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 14, 2018, is CONTINUED, and defendant is to remain in custody until a bed becomes available at the Fahrman Center, where he will remain for up to 90 days.   Consistent with the court's ruling, the Probation Office's petition will be stayed for 180 days, absent further violations of the terms

4

and conditions of his supervised release.

Entered this 2nd day of October, 2020.

BY THE COURT:

WILLIAM M. CONLEY
District Judge